EDWIN H. BRADY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7434.   Promulgated July 29, 1927.

Depreciation of oil-well equipment, on the unit-of-production basis, allowed on the facts herein.

*Charles H. Garnett, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *Robert A. Littleton, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts of $630.36 and $2,128.44, respectively. The only issue raised is as to the amount the petitioner is entitled to deduct in each year as an allowance for the exhaustion, wear and tear of certain oil-lease equipment.

### FINDINGS OF FACT.

The petitioner is an individual residing at Tulsa, Okla. He is and has been for many years, engaged in the oil-producing business and has owned and operated producing leases in the Kansas and Oklahoma oil fields. In the spring of the year 1919 the petitioner acquired an oil lease known as the Bybee Lease, located in Chautauqua County, Kansas. He developed the lease and in the year 1919 expended $18,425.66 for equipment used thereon, and in the year 1920 he purchased and installed additional equipment at a cost of $4,072.70. The equipment so purchased and installed consisted of casings and tubing, which were under ground, and pull locks, pumping jacks, lead lines, tanks and a power plant, which were used above ground. The equipment above ground may be more con-

veniently described as a number of pumps operated by a single power plant, and tanks to handle the oil when pumped. The record does not disclose what part of the total expenditure of $22,468.36 was for underground equipment and what part was for aboveground equipment.

The underground equipment has a useful life of at least ten years. Its salvage value is as great at the end of ten years as it is at the end of one month after installation. The salvage value of the underground equipment involved herein is at least $2,500.

Repairs to and replacements of the aboveground equipment involved herein have been made from time to time and the cost thereof charged to expense. With such repairs and replacements the useful life of the above ground plant will be at least ten years.

At the beginning of the year 1919 the oil lease reserves on the Bybee Lease were 34,298 barrels. Production was 4,719 barrels in the year 1919 and 10,610 barrels in the year 1920. The respondent determined that the equipment on the Bybee Lease has a useful life of ten years and he computed the petitioner's allowance for exhaustion, wear and tear thereof at the rate of 10 per cent for each of the years 1919 and 1920. The petitioner claims an allowance for the exhaustion, wear and tear of said equipment computed on the unit-of-production basis, in the amount of $2,188.55 for the year 1919, and $6,376.40 for the year 1920.

OPINION.

MARQUETTE: Under section 214(a) of the Revenue Act of 1918, the petitioner is entitled to deduct from gross income for each of the years 1919 and 1920, a "reasonable allowance" for the exhaustion, wear and tear of the oil-lease equipment described in the findings of fact. The petitioner and the respondent are in accord as to the cost of the equipment but they do not agree as to the method by which the amounts for the exhaustion, wear and tear thereof should be computed. The respondent has determined that the equipment has a useful life of ten years and that in each year of such useful life the petitioner should recover an aliquot part of the cost. The petitioner, however, contends that the allowance should be computed on the unit-of-production basis, that is, the allowance in each year should bear the same ratio to the cost of the equipment that the oil produced in that year bears to the total content of the wells at the time the equipment was installed, and that the "reasonable allowance" provided by the statute should be computed in that way.

We have carefully considered the evidence presented herein and we are of the opinion that the contention of the petitioner is well founded. It is clear that the physical life of the equipment, as nearly as can be ascertained, is ten years, and the producing life of

the lease will probably be the same period. The requirement of the statute is that a " reasonable allowance " shall be made for the exhaustion, wear and tear of property used in a trade or business and we think that in this case the unit method of computing the allowance will more nearly conform to that requirement. The life of the property to be depreciated and the productive life of the lease are of the same length and by computing depreciation on the unit-of-production basis the value of the equipment will be recovered as and at the same rate its useful value is exhausted.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*